## A. G. POWERS v. WILLIAM FLORANCE.

A landlord cannot, in an action against his tenant, seize the property of third persons, on which no storage is due, although it may be found on the leased premises.

The offer to return property of a third person, illegally seized by a landlord in an action against his tenant, does not bar the owner from an action for such damages as he may have sustained in consequence of the illegal seizure.

APPEAL from the Fifth District Court of New Orleans. This case was tried by a jury, before *Buchanan* J. *J. Ad. Rozier*, for plaintiff. *A. K. Josephs*, for defendant. By the court.

EUSTIS, C. J. The plaintiff alleges, that in a certain suit instituted by *Florance*, the defendant, against *Mrs. Araline Brooks*, he caused to be seized under a writ of provisional seizure, a certain full length picture of General Taylor and his horse, the same being the work and property of the plaintiff, and caused it to be sold at public auction; that the picture did not belong to said *Mrs. Brooks*, and the defendant had no privilege thereon, &c. The value of the picture is estimated in the petition at one thousand dollars, and the damages sustained by the picture at three hundred dollars. The petition concludes with a prayer for judgment for thirteen hundred dollars.

The answer admits, that the picture was seized and sold as the property of *Mrs. Brooks*, who was the defendant's tenant, it being found on the leased premises, and no claim having been made thereto by any one previous to the sale; and denies all responsibility for damages, which, it is alleged, were the consequences of the plaintiff's own neglect.

The writ directed the seizure of the furniture and property found in the building known as the Armory Hall and auction mart, on Camp street. The return shows the seizure of a Jackson painting, with other movables, and bears date the 12th of May, 1849. The suit was instituted in November, 1849

The valuable time of no less than three juries has been consumed in this litigation. The first gave the plaintiff a verdict for $950, which was set aside. The second jury, a verdict of $1000 damages, which met the same fate. And the third trial, on the 21st of November, 1851, after the jury being kept all night in their room, resulted in a verdict for the defendant. From the judgment rendered on this verdict the plaintiff has appealed.

The last verdict, it is said, was the consequence of the erroneous charge of the judge; but, as the counsel for the plaintiff has requested this court to terminate this suit, it is not necessary to notice the charges, as asked by him, of the district judge, or take cognizance of any of the exceptions taken on the trial.

The rights of the lessor on the effects of the sub-lessee, contained in houses or stores leased, extend to those of persons who have left them there on storage, for such sum as they may owe for storage. For this amount the lessor has not a mere privilege, but a right of pledge, and he may cause the effects on storage to be seized and sold to meet the extent of his right. Hennen's Digest, *verbo* Privilege, iii, 1296 and 1297.

The day before the sale of the picture, the plaintiff filed a third opposition, and asked for the restoration of it, alleging that it had been left in the Hall as one of the decorations on the occasion of the 8th of January ball. This opposition was not served on either the defendant, *Florance*, or the sheriff, until after the sale. It was subsequently discontinued.

It does not appear that anything was due for the storage of the picture at the time of the seizure and sale. The picture was sold at the sheriff's sale, and purchased by the defendant for fifty dollars.

On the 12th of March, 1851, the day of the last trial of the cause, the defendant having transported the picture to the court room, tendered it to the plaintiff, who accepted it in mitigation of damages. Under this state of facts it is urged, that the plaintiff is entitled to the damages he has sustained by the taking and retention of his property, at all events, to nominal damages, as the return of the picture does not cure the original conversion.

In December, 1850, the defendant offered to restore the picture to the plaintiff, but an objection was made to the legality of the mode in which the tender was made; and the plaintiff required the payment of his costs and the delivery of the picture to be made to him in the city, the picture then being with the defendant's brother in the parish of Jefferson.

The rule of law insisted on by the counsel for the plaintiff, we think must govern the case. In forming an estimate of the damages we have been quite at a loss. If we had been satisfied that the acts of the defendant were done under a conscientious but mistaken view of his rights, that circumstance would have had great weight with us in diminishing the amount of damages. But the evidence has not so satisfied us. We do not think, however, that they ought to exceed the sum of two hundred dollars, and assess them at that amount.

It is therefore decreed, that the judgment of the district court be reversed, and that the plaintiff recover from the defendant the sum of two hundred dollars, with interest until paid, and costs in both courts.