U. H. Dudley *v.* T. W. Tilton.

A proprietor has no right to alter the elevation of the banquette before his house in the city of New Orleans, without having first obtained the consent of the municipal authorities.
The violation of a right to the use of property is sufficient to maintain an action without proving damages.

APPEAL from the Third District Court of New Orleans, *Duvignaud*, J. *Benjamin, Bradford & Finney*, for plaintiff. *E. H. Durell*, for defendant and appellant.

Cole, J. The petition of plaintiff, a resident of the city of New Orleans, represents that he is owner of a lot of ground situate in the square bounded by Canal, Rampart, Common and Philippa (now Dryades) streets; that in the year

1836 he erected on said lot a three story brick dwelling-house, which he has since occupied with his family as his domicil, and that in front of the house he laid down a banquette or sidewalk, in pursuance of the city ordinances, according to the grade adopted by the city and to the lines given by the city surveyor, and upon a level with the sidewalk in front of the adjoining houses.

He further shows that defendant having become the owner of the adjoining lot, which forms the corner of Canal and Philippa (now Dryades) streets, is about to elevate the banquette or sidewalk in front of his house, and to lay down a banquette ten inches or thereabouts above the level of the sidewalk of petitioner, and is now at work in making the elevation; that the sidewalk so raised immediately adjoining that of petitioner, will be a serious impediment as well as constant annoyance in the path of petitioner on his way to and from his dwelling-house, as also a public obstruction and nuisance; that the sidewalks in front of petitioner's house cannot be raised to a corresponding level with the projected sidewalk of defendant without much cost and serious damage to the dwelling of petitioner, which was built upon an elevation corresponding to the existing level of the sidewalk and street in front; that the defendant has no legal authorization to raise the level of his sidewalk, and in so doing he is acting in violation of the rights of petitioner as well as of the public.

He prayed for an injunction to restrain the defendant from raising the level of his sidewalk during the pendency of this suit, and after due proceedings that it be made perpetual and for damages.

There was judgment perpetuating the injunction and ordering the defendant to take up the sidewalk, and to erect it agreeably to the level and grade to be given by the City Surveyor.

Upon the trial the plaintiff did not attempt to prove that the action of defendant in the premises had or could cause him any injury, or that it was either a public or private nuisance, and the only questions in the case are, whether defendant has the right to change the level of his sidewalk without permission from the proper authority, and if he has not, whether plaintiff, as a citizen of New Orleans, has the right of action to inhibit him from doing it.

The following ordinance was approved the 6th of October, 1815, and is to be found on page 13 of a " General Digest of the Ordinances and Resolutions of the Corporation of New Orleans," published in 1831 :

" Whenever any banquette, counter-banquette, or foot-way is to be repaired or made anew, no person shall make any alteration in the order established for the lineation or leveling of the said foot-way or banquette and counter-banquette, unless specially authorized by the Mayor and City Council ; and under the obligation that the owner or tenant of the house in question, shall, if necessary, apply to the City Surveyor, to receive from him the lineation and leveling to be observed in the execution of said work."

In Leovy's compilation of " The laws and General Ordinances of the city of New Orleans," an ordinance is found which describes and fixes the duties of the Surveyor of the city, and makes it his duty to furnish the Common Council with all the plans, estimates and other information appertaining to his department, which the Council may require, and " to give the lineations of all the streets of the city, as well as the lineations and grades of the sidewalks, wharves, levees, bridges and streets, in accordance with the ordinances of the Common Council."

It is admitted by defendant, that " such is now, and such has ever been the duty of the City Surveyor ; and at no time has he had the power to establish, in

accordance with his own discretion and good judgment, the grade of either street or banquette."

It appears to us to be immaterial whether or not the Act of 1815 is repealed by the ordinance of May 21, 1857, which repeals all ordinances or resolutions passed prior to the consolidation of the city, in 1852, of a general nature, and not contained in Leovy's compilation of the laws and general ordinances of the city of New Orleans.

It is clear that the levels of the banquettes of the parties to this suit were fixed prior to the repeal of the law of 1815, if it has been repealed; and it cannot be admitted that a private citizen has the power to alter the elevation of the banquette before his house, without being authorized by the public authorities.

If a private citizen can do this in the absence of any prohibitive ordinance, it must be by an inherent right in the citizen to do whatever is not forbidden.

When, however, one places himself within the limits of a municipal corporation, he cannot exercise what might be deemed an indefeasible prerogative beyond the bounds of government and population, if the possession and use of such right might destroy that of citizens to the use of public things. C. C. 479.

Article 444 of the Civil Code declares, that public things are those, the property of which is vested in a whole nation, and the use of which is allowed to all the members of the nation.

" Things which are for the common use of a city or other place, as streets and public squares, are likewise public things." C. C. 445.

" Things which belong in common to the inhabitants of cities and other places, are of two kinds : Common property, to the use of which all the inhabitants of a city or other place, and even strangers, are entitled in common, such as the streets, the public walks, the quays, &c." C. C. 449.

As the streets are common property, every citizen may be considered in a certain sense as a proprietor thereof, and no particular citizen has the right to interfere with the level and elevation of the streets, without the permission of the majority of the inhabitants through their representative, the municipal corporation.

If one citizen has the right to elevate his sidewalk five inches, another may raise his ten or twenty inches, or another may depress his a certain number of inches ; in fact, there would be no limit to the changes that might be made in the level of the banquettes. Every proprietor might have his at a different elevation from that of any other, so that it would be impossible to traverse the streets with convenience, pleasure or safety.

We conclude, therefore, that defendant has not the power to alter the level of his sidewalk without permission from the municipal authorities of the city of New Orleans.

The only question that remains is, whether plaintiff, as a citizen of New Orleans, has the right of action to inhibit defendant from changing the level of his sidewalk, on the ground that it is a violation of his rights.

When the rights of property are interfered with, the proprietor is not bound to prove damage in order to maintain his action against a trespasser. Each of the inhabitants of a city has as much right to the use of a street as a proprietor has to that of his private estate.

Each citizen has then the right of action to prevent a proprietor from changing the sidewalk before his house, because it is a violation of his right of property in the use of the sidewalk that a private citizen should have the authority to alter the level of the sidewalk without permission from the municipal government.

In *Allard et al.* v. *Lobau*, 2 M. N. S. p. 319, Judge Porter, being the organ of the court, in speaking of public things and the use thereof, said : " The use thus granted to each individual, of the things just mentioned, by the public, who are the owners, appears to us to confer the right of enjoyment in as full and complete a degree as that which would be derived from the concession of a private proprietor, on soil that belonged to him. If there is any difference we are unable to perceive it, and in either case we conceive, that if the party on whom this privilege is conferred, or to whom this use is accorded, be obstructed in the exercise of it, he is well found in considering it as a private injury ; for it prevents him from enjoying a personal right."

In this case the court also held, that an Act of the Legislature punishing criminally the violations of the rights of the public to certain common property, did not take away the right of action of a private individual in a civil proceeding.

It is not necessary that plaintiff should have suffered actual damage, it is sufficient to maintain his action that defendant proposes to violate his rights.

The 296th Article of the Code of Practice provides, that " injunction or prohibition is a mandate obtained from a court, by a plaintiff, prohibiting one from doing an act which, he contends, *may* be injurious to him, or impair a right which he claims."

Art. 298 of the Code of Practice also declares, that the injunction must be granted " when the defendant is in the act of building or constructing some work, tending to obstruct a place of which the public has the use."

When a person without authority is changing, or proposes to change, the level of the sidewalk in front of his house and make it higher than that of his neighbors, he may be said to obstruct a place of which the public has the use.

In *Akin et al.* v. *Bedford et al.*, 5 N. S. p. 501, Judge Porter, delivering the opinion of the court, said, that " a party may always claim the aid of the laws of his country to prevent a wrong, which, if inflicted, he could claim damages for. These laws would be lamentably defective if they could not prevent injuries as well as punish them."

It is clear that a violation of a right to the use of property is sufficient to maintain an action without proving damages, for if a citizen can interfere with the established order of a street in one way, he could in another, and the citizens are not obliged to wait until damage is done, but they can resist at once the assumption and usurpation of the right by a private individual to interfere with the order of property, the use of which belongs to the public in general.

If they could not do this, then individuals might make such alterations as would materially impede the commerce of the city and injure the trade of merchants. They could so change the levels of the sidewalks as to prevent persons from passing without great inconvenience, and they could thus injure the trade of a merchant very essentially before the action could be brought.

Even if a party should prove that his alteration was not a public injury, this would not justify him, for he assumes to effect that good by the usurpation of a right ; and the citizens are interested to thwart the illegal assumption of authority which may produce so much evil if allowed in general.

In *McDonogh* v. *Calloway et al.*, 7 Rob. p. 445, the court held, that an injunction " is as effective in inforcing a right as in preventing a wrong or injury."

In *Herbert* v. *Benson*, 2 A. p. 771, the court held, " that public places within the limits of a corporation cannot be appropriated to private use, and that individual corporators, as well as the officers of the corporation, have the right to

prevent such appropriation, and to sue for the demolition and removal of buildings erected on them by individuals."

In *Bruning* v. *New Orleans Canal*, 12 An. p. 543, this court said, " we are not disposed to say, because the decision of this cause does not require it, whether the initiative in the abatement of the nuisance of an obstruction of the ·public highway is exclusively reserved to the City Council, or whether proceedings might not be commenced for that purpose by individual citizens who were aggrieved by the nuisance. But we assert, without hesitation, the right of any citizen so aggrieved to an action in damages against the offending party." *Durant* v. *Riddell*, 12 An. 746.

According to the first and third laws of the 22d title of the 3d Partida, any individual may forbid the erection of a house or other edifice in public places. Vide *Mayor, etc., of New Orleans* v. *Gravier*.

It is ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.

VOORHIES, J. absent.