### No. 11,594.

### ENZEIDE JUDICE vs. SOUTHERN PACIFIC COMPANY.

In an action, *ex contractu*, for the violation of a contract no punitory damages can be assessed in the absence of bad faith.   When there has been no proof of actual damages, but loss of time and inconvenience has been shown for the technical violation of the contract, compensatory damages of a nominal amount will be allowed.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Benjamin Rice Forman* and *Edward Simon* for Plaintiff and Appellee.

*Leovy & Blair* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The plaintiff brought this suit to recover the sum of

Judice vs. Southern Pacific Company.

five thousand dollars damages from the defendant company for a failure to stop and put her off at a station on defendant's railroad, to which point she had bought a ticket. There was judgment for plaintiff for the sum of fifty dollars. The defendant company appealed. The act complained of occurred March 21, 1891. This suit was instituted February 15, 1894. The facts are that the plaintiff bought a ticket for Burke Station, at New Iberia. The distance between Cade Station, where plaintiff left defendant's cars, and Burke Station is two and one-tenth miles. The conductor failed to call for plaintiff's ticket, and did not stop at Burke Station, His excuse for not going through the train after leaving New Iberia is that two drunken negroes were on the train, and his attention was engaged by them, so that he did not have the opportunity of taking up the tickets. At Cade Station the plaintiff left the cars. There is a train running from Cade Station to St. Martinsville, a distance of six and one-half miles. This train was put at plaintiff's service to take her back to Burke Station, on its return from St. Martinsville. The delay would have been probably an hour. The plaintiff refused to accept this offer, and insisted that the St. Martinsville train should at once take her back to Burke Station. The train, which was about ready to go to St. Martinsville, had passengers and the mail for St. Martinsville, and it was unreasonable for plaintiff to demand that the train should delay the mail and inconvenience the passengers for St. Martinsville. She had previously requested that the train of the defendant company should return to Burke Station and put her off. This demand was likewise unreasonable, as it was a through passenger train, behind time, and was followed by a special of whose location on the road the conductor, when he arrived at Cade Station, had no information. It would have been rashness on his part to jeopardize his train for the sole convenience of plaintiff. There was a hand-car at Cade Station. On the refusal of plaintiff to go on the St. Martinsville train, this hand-car was placed at her service. The man in charge of it commenced to arrange a seat for plaintiff, but she declined to go on it, for the reason: "I would not go on that hand-car among those brutes." There was no objection to the accommodation, but to the crew. It is in evidence that the car was manned by both white and colored men. The plaintiff is a colored woman, but we are not informed as to whether her objections were to the white or the

colored crewmen. The man in charge of the hand-car says his men were respectable. Accommodations by a storekeeper were offered the plaintiff while arrangements could be made to send her to Burke Station. Having refused these several offers, the plaintiff, in company with her sister, walked over the road-bed and trestle-work to Burke Station, arriving there about dark. There was no necessity for her to follow the track, as there is a public road to Burke Station from Cade. In the testimony for the plaintiff there is no proof whatever of any damage to plaintiff in consequence of the failure of the conductor to put her off at Burke Station. There is no complaint even that she was fatigued by the walk from Cade to Burke. She was not made sick by exposure. The only basis upon which she could claim damages under the testimony is that she was frightened. And on this point the only testimony is that of plaintiff, who, in answer to cross-interrogatory No. 9, says: "I was not sick but frightened." Mere fright, unaccompanied by physical ailment, is no ground for the assessment of damages.

It was the duty of plaintiff to protect herself against the wrongful act of the defendant. The opportunity was offered her to protect herself against the consequences of a walk to Burke Station, without expense to herself. She declined the proffered assistance, and she can not recover from the defendant, conceding that she was injured by the walk to Burke Station. Tardos vs. Railroad Co., 35 An. 15.

In Beers vs. Board of Health, 35 An. 1132, it was said: "The authorities agree that after a wrong has been committed the damaged party shall not increase it, and that if he does he shall have no right to complain for loss or injury sustained in consequence of his wilful acts, of commission or omission."

The walk from Cade to Burke was not necessary for protection after the breach of contract in not putting her off at Burke Station. In Warren vs. Stoddart, 105 U. S. 229, the law applicable to the facts in this case is thus stated: "The rule is that where a party is entitled to the benefit of a contract, and can save himself from a loss arising from a breach of it at a trifling expense, or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent." Wicker vs. Hoppock, 6 Wallace, 94; Miller vs. Mariner's Church, 7 Me. 51; Russell vs. Butterfield, 21 Wendell,

300; United States vs. Burnham, 1 Mason, 57; Taylor vs. Read, 4 Paige N. Y. 561.

The damages for the breach of the contract in not putting the plaintiff off at Burke Station must be controlled by Art. 1934, Civil Code.   There was no designed breach of the contract from motives of interest or ill will.   The plaintiff can, therefore, recover only the actual pecuniary loss she has sustained, unless the facts bring this case within paragraph three of said article, which says that "the general rule is that damages are the amount of the loss the creditor has sustained or the gain of which he has been deprived, yet there are cases in which the damages may be assessed without calculating altogether on the pecuniary loss or the privation of pecuniary gain to the party.   Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage or an engagement for a work of some of the fine arts, are objects and examples of this rule."

This article manifestly applies to contracts entered into between the parties in reference to some religious or charitable object, promise of marriage, or some work of art.   In plaintiff's brief it is stated, "It may properly be said that when plaintiff bought her ticket and entered the defendant's car to be carried safely to Burke Station, pleasure of visits to friends necessarily entered into the contemplation of the parties."   It would be an unreasonable construction of the contract of carrying passengers that the defendant company should know the objects and purposes of each passenger boarding the train, and an implied contract should spring from such imputed knowledge. The contract was to carry the plaintiff safely to Burke Station, and there put her off with safety to her person and effects she was allowed to carry as baggage.

The defendant company violated this contract.   Under the laws of this State no damages, appreciable in amount, can be assessed for a violation of a contract without some pecuniary loss.

The plaintiff has failed to show definitely the amount of pecuniary loss she has sustained.

There was, however, a violation of the contract, to the extent that she was put to some inconvenience, and there was a loss of

time.   The road had failed to put her off at the station to which she had purchased a ticket, and in this respect there was a total failure of the consideration of the contract, and it was optional with her to call on the road to carry her back to her destination, or to take her back to the point where she had purchased the ticket.

While the article of the Code says, in contracts other than for the payment of money the damages shall be such as were contemplated by the parties, when there is no bad faith, this does not require the plaintiff, in order to obtain judgment for the violation of the contract, to prove actual pecuniary damage.   If inconvenience to the plaintiff and loss of time have been proved, and there has been no inquiry as to actual damage, or none appears on inquiry, there is still some practical expression as to technical injury required of the court for compensatory damages.   In default of proof of actual damages, damages by implication remains for the technical violation of the contract, when facts have been shown which would authorize the assessment of an appreciable amount in damages if proved.   In such cases the amount is inappreciable, and is given to save costs to plaintiff.

We know of no authority here that would justify us in assessing punitory damages in the absence of bad faith in actions arising *ex contractu*.

The judgment appealed from is excessive.   Judgment for nominal damages will be allowed, which are fixed at three dollars.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to give the plaintiff three dollars damages.   In other respects it is affirmed, plaintiff to pay costs of appeal.

Rehearing refused.