His Honor, CHARLES P. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a damage suit against the defendant for refusal to validate a return ticket.
The plaintiff avers that he resides in Jacksonville, Florida, where he is in the employ of the United States; that on December 21st, 1912, he obtained a leave of absence expiring December 31st, 1912; that on said December 21st, 1912, he purchased of the Seaboard Air Line Railway in Jacksonville, a ticket to New Orleans and return over said road and the. road of the defendant, the *354 Louisville & Nashville Bailroad, and left the same day for New Orleans; that on the night of said December 21, 1912, his entire ticket was taken up by the conductor in charge of the train; that on the morning of December 22nd, what purported to be that portion of his ticket entitling him to a passage back from New Orleans to Jacksonville was returned to him by the conductor; that on December 31st, 1912, at 4:45 P. M., he called at the ticket office of the defendant company for the purpose of having his ticket stamped .and validated as required by said ticket; that the ticket clerk refused to validate the ticket on the ground that the return coupon from New Orleans to, Biver Junction was missing and not .attached to said ticket as it should have been, and the clerk also refused to refund to him the price of said return ticket or any part thereof; that it was one of the conductors of defendant company who, during the night of December 2,1st, and while in the possession of the whole of said ticket, negligently detached from his ticket and kept that portion of his ticket or the coupon from New Orleans to Biver Junction; that after leaving the ticket office he went to another building to the office of the passenger agent, who was absent; that the clerk’in charge of said office refused to validate said ticket or to’ refund any part of the coupon; that he next presented this ticket ,a.t the L. & N .Station at 8:45 P. M., of the same day to the ticket agent and to the gateman who also refused to recognize it; that he did not have the money to¡ buy another ticket, and could procure it only on January 2nd, 1913, when he left New Orleans at 9 P. M.; that due to the negligence of defendant’s conductor he has suffered great loss of time and inconvenience and was put to additional expense and was kept away from h'is work at *355 Jacksonville two days longer than Ms leave of absence allowed; for all of which he claims $500.00.
After exceptions of vagueness had been overruled, the defendant answered. practically admitting all the allegations of fact of plaintiff’s petition except the damages; it specially averred that as a prudent man, plaintiff should have examined his ticket when it was returned to him, and that if he had done so he would have discovered that the coupon had been removed, and that his failure to do so w.a,s contributory negligence; it also averred that on January 2nd, defendant’s passenger agent offered a ticket from New Orleans to Jacksonville free of charge to plaintiff, who declined it.
There was judgment in favor of plaintiff for $167.80 and defendant has appealed..
Plaintiff has answered the appeal praying that the judgment be increased to $500.
Plaintiff’s testimony is practically a reiteration of his allegations. He adds that he was much humiliated in his several efforts to have his ticket validated, that he was compelled to telegraph to a friend in Jacksonville for money; that he could not get the money before January 2nd, in the morning, owing to the intervening holiday on January 1st, that- he paid $17.83 for another return ticket; that he failed to meet his father at Mobile with whom he had an appointment; that he was put to about $31.50 extra expense; but of this he furnished no details; he says also that the agent of the defendant company offered to refund to him the money after he had paid for the second ticket; that when the ticket was returned to him, he examined it, and did not notice anything wrong about it; that he had already used ticket to go and return, but did not know that a separate coupon *356 was required for each line of the road; that some six months after this he was removed from office work at Jacksonville to field work at Tampa, and resigned his position in December, 1913.
From the testimony of Patrick W. .Murphy, a law student and a. friend of the plaintiff, it appears that the plaintiff came to New Orleans to spend his leave of absence at the home of his father and mother and brother and sisters, and that he lived there during his stay in New Orleans; that when the railroad company refused to validate the ticket, plaintiff sent for him, and that he accompanied him in his peregrinations from office to office and railroad station; he corroborates the plaintiff in his testimony and goes even further.
The facts of the case are all admitted. They are in substance that á conductor of defendant company negligently and erroneously tore off of plaintiff’s ticket his return coupon from New Orleans to River Junction, and that, owing to the absence of this coupon, the defendant company refused to validate plaintiff’s return ticket to Jacksonville or to give him another ticket or the money to buy another until January 2nd, after plaintiff had already procured money and bought another ticket, and thereby put plaintiff to all the disappointment, annoyances, inconvenience and embarassment he recites in his testimony. There is very little excuse for the refusal of the defendant to validate plaintiff’s return ticket. His narration of the facts was plausible, borne out by the ticket he presented, and above suspicion. The selling agent stamp on the back of the ticket is dated “Dec. 21, 12, Jacksonville, Fla.” The face of it reads: “one first class passage to New Orleans and return * * * good only in connection with coupons of this' *357 company’s issue.” The coupon pasted to the ticket from “River Junction to Jacksonville” has the following words printed upon it: “forfeited if detached.” We must presume that the same forfeiture clause was printed upon the coupon from “New Orleans to River Junction.” There was therefore no reason why the Railroad Should have doubted plaintiff’s, statement, or suspected any fraud on his part, since there was no inducement for plaintiff himself to have torn off the coupon, as no one not even himself could have used it after at had been detached from the main ticket.
If it was negligence on the part of the conductor to have cut off the coupon from the ticket, it was positive fault on the part of the ticket agent to have refused to validate the return ticket. But we take it to be only an error of judgment.
The fact that the general passenger agent was not in the office at the time plaintiff presented his ticket is no excuse for the company. It was the ticket office of the company, and plaintiff had a right to expect there some one in authority to do justice to his demands.
For these acts plaintiff is entitled to damages. He has .not proved any pecuniary damage beyond the cost of his ticket, $17,831 But Section 3 of Article 1934 of the Civil Code provides:
“Although the general rule is that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary losy or the privation of pecuniary gain to the party.’’
In an action for the violation of a contract, compensatory damages of a nominal character will be- allowed, *358 even where no proof of actual pecuniary damage has been adduced, and only loss of time and inconvenience have been shown.
Opinion and decree, April 24th, 1916.
14 A., 283; 47 A., 255 (259); 107 La., 258 (264); 109 La., 1068 (1074); 113 La., 869 (871).
The case of Southern Express Company vs. Byers, decided by the Supreme Court of the United States on April 3rd, 1916, has no application here. In that case only damages for “mental sufferings” were claimed.
We shall reduce the judgment to one hundred and seventeen 83/100 dollars, and as thus amended it is affirmed, plaintiff to pay costs, of appeal.