BAKER, J.
Plaintiff appeals from a judgment sustaining exceptions of vagueness and of no cause of action. The petition alleges that plaintiff had purchased from defendant a certain piano on terms of credit, which proved defective, and another was substituted in its stead; that she paid all installments of the purchase price as they fell due until tlie summer of the past year, when, on account of illness, she fell behind, and that a payment of $1 was made on May I, 1917, and accepted' by defendant,- which reduced the balance due to $14.85. The petition further alleges as follows:
“That on account of the continued- decline of her health, sickness in her family, • ruisfortune, and the increasing high cost of living, she was unable to make any further payment on the piano up to Wednesday, June 13, 1917, and that on this day said Philip Werlein, Limited, sent two ruffians and four negro men with a motor truck to petitioner’s home to take her piano away from her, with force and violence, with intent to appropriate the same to its own use and benefit.
“That one of these men, without invitation or permission, entered petitioner’s premises and home, and with more brutality and bluff than politeness or decency informed petitioner that he had come to take this piano; that in answer to petitioner’s plea and protest he whistled, and signaled to the balance of his gang in the street to come into the house, and peremptorily and brutally ordered petitioner to get the things off of the piano, so the gang could get it out in a hurry; that he roughly took hold of the piano and began to move it, and desisted only when petitioner, after threatening to call for help from her neighbors and the police, collapsed through the terrible excitement in her weakened and nervous condition; that the men thereupon left the premises, and, failing to get the piano thus illegally, the defendant wrote a letter to petitioner the following day threatening to get the piano through legal proceedings if she failed to pay the pitiful balance due on the purchase price within 48 hours.
“That petitioner had recently gone through illness, resulting in a serious derangement' of her nervous system, and had undergone a serious operation, and at the time of this outrage was still under the treatment and care' of her physician, and in a delicate condition; . that the excitement and shock immediately inflicted upon her by the said employees of the defendant caused her to relapse, rendered her condition even more serious than it was before, and rendered hopeless the chances of recovery she was daily cherishing, and caused her both physical and mental suffering and anguish, and has injured, and caused complications in, her physical condition, the exact nature of which she does n'ot understand and the result of which she cannot foretell.
“That defendant and its employees by their wanton and wrongful acts and conduct aforesaid have injured and damaged petitioner as aforesaid in the sum of $3,000, which amount she is justly and legally entitled to demand and recover of said Philip Werlein, Limited.”
Reduced to simple and more concrete language, the petition says that the agents of the defendant, at its direction, invaded the *843 home of plaintiff,- over her protest anti objection, and were proceeding to remove her property, on which she owed a small balance, and only desisted when she threatened to call the police and neighbors to stop their unlawful conduct. It further alleges, in effect, that she suffered a nervous shock, which caused a relapse in a spell of illness from which she was recovering, and that she was still suffering from the effects thereof, though she did not know the exact nature of her trouble.
[1, 2] These allegations clearly charge facts amounting to a'trespass; and If they had been proven just as alleged, the court certainly could have allowed her at least nominal damages. Enders v. Skannal, 35 La. Ann. 1000; Boniel v. Block, 44 La. Ann. 514, 30 South. 869; Van Wren v. Flynn, 34 La. Ann. 1158; Pascal v. Ducros, 8 Rob. 112, 41 Am. Dec. 294. They say, in substance, that defendant, instead of pursuing the legal remedies for enforcing its' claims, sought to take the law into its own hands, and be both judge and executioner. ' It is true that plaintiff says she does not know -what is the matter with her; but that is nothing unusual, for patients are daily being sent from one specialist to another for examination,. and, through the process of elimination after half a dozen or more have been visited, the trouble is finally, at least in the opinion of the specialist, established. It would hardly be reasonable, therefore, to require her to diagnose her own case.
Inasmuch as the exception of no cause of action admits the facts above recited, we think it clearly discloses a cause of action.
[3] With regard to the plea, of vagueness, we think the plaintiff should have been ordered to amend to the extent of saying how much she was claiming for each of the two elements of damages, i. e., the trespass, and the injury to her health.
Otherwise, the petition states the alleged facts as to what happened just about as clearly as could be done.
For the reasons assigned, the judgment appealed from is set aside; the exception of no cause of action is overruled; and plaintiff is ordered to amend her petition to the extent of specifying the amount of damages which she claims respectively for the alleged trespass and injury resulting from the nervous shock and impairment of her health. Defendant to pay the costs of this appeal; all other costs to await final judgment.