EDMOND L. KIMBLE, Appellant, v. MRS. HENRY J. LAGARDE

(June 22, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Damages—Par. 8, 84.
In default of proof of actual damages, damages by implication in a nominal amount will be allowed where there has been a technical violation of a contract other than for the payment of money and in the absence of fraud.

2. Louisiana Digest—Damages—Par. 8, 9.
Where the technical violation of such a contract results in a benefit to the creditor of the contract, the same rule applies and nominal damages will be allowed.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit to recover damages alleged for violation of contract. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

H. W. Kaiser, attorney for plaintiff and appellant.

Carbajal & Gaudin, attorneys for defendant and appellee.

WESTERFIELD, J.   Plaintiff sues for $1000.00 upon the following cause of action:

On January 27, 1921, Mrs. Lagarde, defendant herein, entered into an agreement with plaintiff to sell him a double house on St. Mary street in this city for the sum of $7000.00. The following stipulation was in the agreement to sell:

"Said property to be leased at seventy ($70.00) dollars per month, expiring September 30, 1921. Leases to be transferred to buyer at a date of act of sale."

On April 11, 1921, the act of sale was passed before A. R. Beary, notary public.

The certificate of the Conveyance Office in the name of the vendor was clear, no lease of any kind appearing thereon. The vendor subsequently presented plaintiff with what purported to be copies of two contracts of lease, one for each side of the house, in which it appeared that each tenant had leased for one year, expiring September 30, 1921, a side of the property for a monthly rental of $36.00. No mention was made in either of the copies handed plaintiff of any privilege of renewal. On July 9, 1921, Kimble, plaintiff herein, entered into an agreement with A. D. Gulette to sell him the property he had bought from defendant for $7000.00 for $8000.00. Shortly after this agreement was made the tenants occupying the property, hearing of the proposed sale to Gulette, notified Kimble that under their lease with Mrs. Lagarde they were entitled to renew their lease for another year upon the same terms. The tenants produced their contracts of lease and it then appeared that the copy held by the tenants contained a clause giving them the option of renewal for another year and that this clause did not appear in the copies given plaintiff by Mrs. Lagarde. It also appears that the lease had been registered in the Conveyance Office with the clause in it and was so registered when Kimble took title though for some unexplained reason it did not appear upon the certificate of the Conveyance Office attached to the act of sale before Beary.

Gulette, hearing of the tenants' privilege of renewal for another year, refused to take the property and plaintiff thereupon brought this suit. From an adverse judgment below plaintiff has appealed.

There is no suggestion of fraud on defendant's part. The failure of the copies of the leases held by her and given plaintiff to contain the renewal clause is attributable to inadvertence only. There can be

no doubt that defendant warranted the premises free of tenants after September 30, 1921, and that if plaintiff has been damaged because of her failure to live up to her agreement she must be held answerable therefor. The question is was plaintiff damaged?

He was deprived of an opportunity to sell the property at a gross profit of $1000.00 to Gulette and he received only $36.00 per side, or $72.00 per month, for a period of one year, when the evidence shows the rental value for that year to have been $40.00 per side, or $80.00 per month, a difference of $96.00 for the year.

As to the loss of the profit upon the proposed sale to Gulette, defendant says the sale was not assured, but depended upon plaintiff's proposed vendor, Gulette, getting "sufficient money to swing the deal" from the homestead. The offer of Gulette, thus conditioned, is not very satisfactory evidence of the value of the property at that time and measure of plaintiff's loss by his failure to make the sale, but allowing plaintiff every advantage which this incident afforded, there is evidence in the record firmly establishing the fact that at the time of the trial of the case the property had increased in value in excess of one thousand dollars. The situation, therefore, is one in which defendant's default in her obligation resulted in a benefit to plaintiff, for in preventing him from selling the property and forcing him to hold it for another year she has caused him to be benefited by the increment in value.

Art. 1934, R. C. C., reads as follows:

"Where the object of the contract is anything but the payment of money, the damages due the creditor for its breach on the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications."

The exceptions referred to do not concern us here. However, our courts have held that nominal damages are due for breach of contract without proof of actual damages. La. Digest, Vol. 11, Verbo Damages, page 799, and authorities there cited. See also Green vs. Consol. Dairy Co., 113 La. 869, 37 South. 858.

The principle upon which these cases rests is that the failure to prove actual damage should not put the costs upon plaintiff where defendant has been guilty of a technical violation of the contract.

"In default of proof of actual damages, damage by implication remains for the technical violation of the contract when facts have been shown which would authorize the assessment of an appreciable amount in damages, if proved. In such cases the amount is inappreciable, and is given to save costs to the plaintiff."

Judice vs. So. Pac. Co., 47 La. Ann. 257, 16 South. 816.

In the instant case not only has plaintiff proved no damage but the record shows a benefit has resulted to plaintiff. However, the same rule is applicable. Whatever seeming inconsistency with the provisions of our Code to the effect that in contracts, other than those for the payment of money, the damages will be limited to those within the contemplation of the parties in the absence of bad faith, this jurisprudence may present it is nevertheless the law. See Judice vs. So. Pac. Co., supra.

From Corpus Juris, Vol. 17, Verbo Damages, p. 726, we quote the following:

"Even where a benefit has resulted from the wrong done or the right violated, plaintiff can recover nominal damages, and ordinarily he is limited to such recovery."

In Pond vs. Merrifield, 12 (Cash) Moss 181, damages in the sum of one cent was awarded for the violation of a contract

which resulted in benefit to the creditor of the obligation. The syllabus in this case reads:

"A contracted with M to erect a building in a certain time and according to certain specifications. P advanced money to M for the purpose of completing the building, which loan was secured by a mortgage thereon and also took a penal bond from M to complete said building by a certain time and according to the contract. The work was not done exactly according to the time or terms of the contract and P, the mortgagee, was compelled to pay extra insurance on the building in consequence; but the extra work and labor of M on the building increased its value as a security to P, to an amount more than all the deficiencies and delay, in not exactly complying with the contract, including also the item of extra insurance. Held, that P could recover only nominal damages of M for breach of the bond."

In Murphy vs. City of Fond du Lac, 23 Wis. 365, it was held that the lower court erred in instructing the jury that, although dirt placed upon plaintiff's lot may have improved its value, she would be entitled to recover as damages what it would cost to remove the same, saying, "The fact that a trespass may have benefited the property invaded cannot constitute a complete defense. The party is always entitled to nominal damages for the vindication and protection of his right. But beyond this, except in cases where exemplary damages may be given, he is confined to his actual damages. And this being so, the incorrectness of the instruction is apparent. It assumes that the jury might be satisfied from the evidence that the placing of the dirt on the lot was really a benefit to it and increased its value, yet to be required to give the plaintiff as damages what it would cost to remove it."

Insofar as the rental which plaintiff might have obtained which is put at $80.00 per month instead of $72.00 which, under the lease, he was forced to accept, it is evident that this loss was more than offset by the increment in the property. One witness placed upon the stand by plaintiff estimated the property to be worth $9300.00, another $8500.00, and plaintiff himself said that "at the present rental, I would sell for $8000.00 to $9000.00. It will be remembered that the property cost plaintiff $7000.00 and he complains that he was deprived of an opportunity to sell at a profit of $1000.00.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that plaintiff have judgment as prayed for in the sum of thirty cents.