No. 2601

Second Circuit

---

REED v. SHREVEPORT FURNITURE CO., INC.

SHREVEPORT FURNITURE CO. v. REED

(Consolidated)

---

(June 28, 1927. Opinion and Decree.)
(July 25, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Trespass—Par. 1.**
No one has a right to usurp the functions of the courts and take the private property of his debtor without due process of law.

2. **Louisiana Digest—Trespass—Par. 13, 19.**
Where the owner of a chattel mortgage illegally takes possession of the property mortgaged, without legal process and without consent of the debtor, he is liable for the damage done.

3. **Louisiana Digest—Trespass—Par. 18, 19.**
Damages will be awarded for an illegal trespass which resulted in humiliation to the other party and his family without proof of actual damage.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Shreveport Furniture Company against Harry C. Reed.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Dickson & Denny, Shreveport, attorneys for plaintiff, appellee.

C. H. Lyon, of Shreveport, attorney for defendant, appellant.

ODOM, J. This is a suit on a promissory note secured by a chattel mortgage on furniture. The facts are fully stated in the opinion in the case of Harry C. Reed versus Shreveport Furniture Company, Inc., No. 2601 on the docket of this court and this day decided.

In this suit the lower court held that plaintiff had made out its case.

The evidence satisfies us that the judgment appealed from is correct and it is accordingly affirmed, with costs.

The plaintiff, Reed, purchased certain furniture from the defendant, Shreveport Furniture Company, Inc., on terms of credit. As evidence of the unpaid balance, he executed his note for $192.95 secured by chattel mortgage on the furniture. This was on December 13, 1924. He subsequently made a payment of $26.00 on the note.

On Saturday, January 24, 1925, Reed, with his family, left his home in or near the city of Shreveport and went to Oil City in Caddo parish, where he remained until the following Saturday. When he returned with his family he found that all of the furniture which he had purchased

from the defendant furniture company had been removed from his residence, and, on inquiry, he ascertained that it had been removed by defendant.

Not having bed or bedding left in his residence, he and his family took refuge for the night with a neighbor.

On the following day he consulted a lawyer and this suit followed.

He sued the furniture company, which had removed the furniture, and joined as defendant L. T. Bailes on the alleged ground that Bailes was instrumental in having the furniture company enter his residence and commit the trespass.

He alleged that the furniture company, by and through its agents, broke the locks to the doors of his residence and forcibly entered and removed therefrom not only the furniture but various other articles of value.

He claimed from the defendants the value of the property and $500.00 for humiliation to himself and family and $500.00 for damage to his credit.

The lower court rejected his demands and he appealed.

## OPINION

The furniture company admitted that it, through its agents, and employees, entered plaintiff's residence and removed the furniture which it had sold him and on which it had a lien and privilege, but sets up as a defense that it was notified that Reed had left and that his whereabouts were unknown to it and that he had left his house open and his property exposed; that upon investigation it was found that the back doors to the house were open and that not knowing where Reed was or when he would return to it, as a protection to Reed as well as to it-

self, took possession of and removed the furniture to its warehouse or storeroom in the city of Shreveport; all of which, it claims, was done in good faith and without malice or ill will toward Reed.

It further alleged and proved that, upon Reed's return, it offered to return Reed's furniture to him in the same condition in which it was when taken. It also alleged and proved that it neither took nor molested any other property.

We concur with the district judge in his conclusion that Reed is not entitled to judgment for the value of the furniture taken by defendant. He owed thereon practically the full amount of the purchase price, which amount had all fallen due under the terms of the note and chattel mortgage by reason of the fact that Reed had not made payments promptly.

The present suit was filed on February 3, 1925, and, on February 4, 1925, before service had been made and before defendant had knowledge of the filing of the suit, it filed suit against Reed for the full amount owing on the note and had the said furniture seized under the chattel mortgage.

Reed makes practically no defense to that suit and judgment was properly rendered against him ordering the furniture sold in satisfaction of the amount due thereon.

But we do not concur with the district judge in holding that Reed is not entitled to some redress against the furniture company for its illegal and unwarranted conduct in going upon his premises and taking possession of and removing his property during his absence.

If all that defendant alleged, and if all that its witnesses swore, is true, there is still liability, at least to some extent.

No one is permitted to enter the home of a citizen during his absence and take and appropriate his property without due process of law.

Defendant had a lien and privilege on the plaintiff's furniture and ample legal remedy to enforce its rights. Disregarding the· due and orderly process of the courts and the laws made for the protection of its rights, it took upon itself the right to invade plaintiff's private residence and seize and carry away his property— acting as judge, jury and executioner.

For courts to tolerate such conduct would be to open wide the door to "frontier process" for the collection of debt.

Nor can defendant excuse its conduct upon the flimsy pretext that it acted without malice and for the protection of Reed as well as itself. Its conduct was a trespass which unquestionably annoyed and embarrassed plaintiff to some extent and for which the court can and should allow at least nominal damages.

As early as 1841 the Supreme Court, in the case of Thayer vs. Littlejohn, 1 Rob. 140, registered its unqualified disapproval of such conduct and commended the jury which—

"manifested their duty to prevent the recurrence of acts showing such disregard of the law."

The syllabus of that case reads, in part, as follows:

"Where a landlord, instead of resorting to the means provided by law for obtaining payment of his rent and possession of his premises, takes upon himself, without authority, to remove the property and turn out the family of his tenant, he will be liable in damages; and it will be no excuse that such removal was effected without violence or injury."

The ruling in that case has been followed through an unbroken line of deci-

sions of the Supreme Court down to the case of Gumpert vs. Werlein, 149 La. 840, 90 South. 215, decided in 1921.

It is true that in nearly all the cases the court was considering instances where landlords had evicted their tenants without due and legal process of law, but the principle is the same.

The principle underlying all the cases is that no one has a right to usurp the functions of the courts and take the private property of his debtor without due process of law.

Wrenn vs. Flynn, 34 La. Ann. 1158.

Jenks vs. Sewing Machine Co., 34 La. Ann. 1241.

Enders vs. Skannal, 35 La. Ann. 1000.

Johns vs. Pereira; 13 La. Ann. 148.

Fitzgerald vs. Baulat, 13 La. Ann. 116.

Walter & Edmonds vs. Cockfield, 111 La. 595, 35 South. 778.

Wood vs. Monteleone, 118 La. 1005, 43 South. 657.

John Corliss vs. Silva, et al., 1 La. App. 283.

In the recent case of Gumpert vs. Werlein, 149 La. 840, 90 South. 215, the court held that a petition alleging that the vendor of a piano on which petitioner owed a small balance who undertook to take the law into its own hands and sent men to remove the piano, resulting in nervous shock to her, charged a cause of action, which fact, if proved, would entitle plaintiff to at least nominal damages.

In the case of Bourdett vs. Sieward, 107 La. 258, 31 South. 630, the court said (p. 264):

"We have held that the violation by a person of the legal rights of another renders the violator liable for at least nominal damages, without proof of actual damages."

Citing:

Dudley vs. Tilton, 14 La. Ann. 283.

Powers vs. Florance, 7 La. Ann. 524.

Bourdette vs. Sieward, 52 La. Ann. 1333, 27 South. 724.

"For every invasion of a right there is a remedy and that remedy is compensation for loss sustained."

In the case at bar, plaintiff's legal right was to be left secure in his home and to possess and hold his property until divested thereof by legal process. Defendant violated that legal right by going upon and into his private premises and taking possession of and removing his property without his consent.

We are not impressed by defendant's contention that it took possession of the furniture to protect Reed. It is true that the house was open and the furniture could have been carried away by thieves; but it is quite significant that defendant took and carried away only that part of Reed's belongings in which it was interested and on which it had a claim. If defendant had intended to perform toward Reed a mere neighborly service it is strange that it did not go further and render secure Reed's other personal property then in the house. It left other articles of value scattered over the house and it left the house unlocked as it found it. We are therefore impressed that defendant was looking out for itself.

Reed proved no damage to his credit, nor did he prove any other actual damage; but we can award damages for the trespass which resulted in humiliation to plaintiff and his family, without proof of actual damage.

Considering all the circumstances, we think an award of $50.00 is sufficient. We would not be warranted under the facts

and circumstances of the case in holding the defendant Bailes liable.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the plaintiff, Harry C. Reed, have judgment against and recover from the defendant Shreveport Furniture Company, Inc., the sum of fifty dollars, and all costs of both courts.