No.——

First Circuit

·——

**BALDWIN PIANO COMPANY, INC., v. THOMPSON, ET ALS.**

———

(June 12, 1928. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. Louisiana Digest—Sales—Par. 324, 333; Conflict of Laws—Par. 4.
   A conditional sale of movable property in Mississippi is governed by the law of Mississippi, conveys no title to the purchaser, and where he brings it into Louisiana his sale is null because he had no title to the property.

Appeal from the Parish of Washington. Hon Prentiss B. Carter, Judge.

Action by Baldwin Piano Company, Inc., against S. R. Thompson, et als.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Brock and Carter, of Franklinton, and V. M. Roby, of Franklinton, attorneys for plaintiff, appellant.

Ott and Johnson, of Franklinton, attorneys for defendant, appellee.

LECHE, J. The issue in this case is the effect to be given to a conditional sale made in the State of Mississippi, of movable property which is subsequently brought into the State of Louisiana, and which is here sold by the apparent owner and possessor, to a citizen of Louisiana, who buys the property in good faith and for a valuable consideration. Such conditional sale is one by which property is sold and delivered to another, the seller, however, retaining title until the whole of the purchase price has been paid by the buyer.

It is conceded that a contract of this kind is lawful in the State of Mississippi, but it is equally undeniable that such a contract is impossible under the laws of Louisiana. See Barber Asphalt vs. St. Louis Cypress, 121 La. 153, 46 So. 193. It was even held that a vendor under a conditional sale, who retakes forcible possession, is a trespasser. Grumper vs. Philip Werlein, 149 La. 840, 90 So. 275.

The sole question then to be decided is whether such a contract, when entered into in the State of Mississippi may be enforced in the State of Louisiana. It would serve no useful purpose to argue the merits of that question, as it has been decided adversely to the contention of defendant in the case of Overland Texarkana Co. vs. Bickley, 152 La. 622, 94 So. 138.

For these reasons the judgment appealed from is avoided and reversed and it is now ordered that plaintiff be recognized as the owner of the piano sequestered in this case, and entitled to the possession thereof, that the writ of sequestration herein issued be maintained, and that the defendant pay all costs.