**(134 So. 737)**

### GRINER et ux. v. STRACNER.
#### No. 27897.

April 27, 1931.

Ped C. Kay, of De Ridder, and Robert J. O'Neal, of Shreveport, for appellant.

Elmer L. Stewart, of De Ridder, for appellees.

ODOM, J.

On February 3, 1925, Mrs. Lucy Griner, wife of Tom Allen Griner, and the defendant entered into a contract by which Mrs. Griner agreed to purchase from defendant a house and lot for the sum of $900, to be paid in monthly installments of $20, plus interest. It was stipulated that if Mrs. Griner kept up these monthly payments until the full amount of the purchase price was paid, together with interest and taxes, defendant would deed her the property. But that if she failed or refused to make the payments promptly, defendant might, at his option, declare the contract forfeited and retain all payments previously made as liquidated damages and rent on the property.

While the contract was made by Mrs. Griner, her husband had knowledge of and approved it. They moved into the house, paid five installments, and defaulted. After default they lived in the house three months and made arrangements to move.

On Thursday, October 1, Mrs. Griner left home and went to her father's. Mr. Griner was then away from home at work. On the following Saturday, defendant, finding the family away, went to the house, entered it, took possession of its contents, and hauled them away on a truck. Shortly thereafter plaintiff brought the present suit for $5,000 damages, itemized as follows:

Value of groceries taken, $20.

Value of wearing apparel taken, $357.25.

Value of furniture taken, $262.

Value of family portraits taken, $450.

Humiliation, embarrassment, and inconvenience, $500.

Exemplary damages, $2,410.75.

The defense is that plaintiffs had defaulted on the contract and had notified defendant that they would vacate the premises on October 3, and that whatever they left in the house would be at his disposal. Defendant admits that he took certain items of property which were worth not exceeding $25. He reconvened for $60, which he claimed as rent for three months.

The district judge rendered judgment for plaintiffs in the sum of $315, which he itemized as follows:

Humiliation, $100.

Value of wearing apparel and toilet articles taken, $150.

Value of two trunks taken, $10.

Value of furniture taken, $50.

Value of groceries taken, $5.

He refused defendant's reconventional demand, and he appealed.

 Defendant admits that he entered the house during the absence of plaintiffs and removed therefrom certain property. But his contention is that Mrs. Griner told him that she expected to vacate the house and that whatever she left, he might have and dispose of at will. Mrs. Griner disputes that. Conceding, however, that Mrs. Griner did make such statement to defendant, we think he had no right to enter the house when he did, and had no reasonable grounds to assume that she meant for him to have all the property which he found when he entered on the morning of October 3. She no doubt intended to vacate the premises during that day, and to remove her belongings, and it is probable that she intended to abandon certain of them to defendant. But defendant entered the house early in the morning and found the wearing apparel of Mrs. Griner and her children, some of it having been recently washed and ironed. He also found toilet articles, beds and bedding, groceries, a cook stove, ice box, tables, an electric iron, kitchen cabinet, two tables, two trunks, two bed springs, etc., all of which he took and hauled away. The amount, kind, and condition of the property found by the defendant should have indicated to him that plaintiffs did not intend to abandon it to him.

We do not think he acted in good faith and see no reason why he should not be required to pay for the property taken, as well as nominal damages for the humiliation and embarrassment resulting from the trespass committed. There is dispute as to the value of the property removed. The district judge, after hearing all the testimony, concluded that it was worth $215. We have read the testimony and concur in his findings. He allowed plaintiffs $100 for the embarrassment and humiliation they suffered on account of defendant's invading the premises and carting away their personal belongings, including the wearing apparel and toilet articles of the wife and the children. This is a legitimate item of damage. Plaintiffs had lawful possession of the house as their dwelling place. It was their home. They had not been dispossessed by judicial process.

Defendant, without seeking the aid of the courts, which are always open to those who have legal rights to preserve or vindicate, proceeded by frontier process, without due process of law, to enter the house in the absence of the family and to appropriate what he found. In so doing he was guilty of a violation of and an infringement upon plaintiff's legal rights. He was guilty of a trespass. Such conduct was necessarily embarrassing and humiliating to plaintiffs, and while they proved no actual damage, they are entitled to nominal damages at least. Enders v. Skannal, 35 La. Ann. 1000; Dudley v. Tilton, 14 La. Ann. 283; Powers v. Florance, 7 La. Ann. 524.

 The lower court refused to allow defendant anything on his reconventional demand, which was a claim for three months' rent on the house. The court did not err in this respect. Defendant failed to prove that there was any agreement, express or implied, to pay rent in any amount.

It seems that defendant served written notice upon plaintiffs to vacate the premises and that they would be expected to pay $20 per month rent after default on the contract to purchase. But this notice was not served until September 21, only eleven days before defendant took possession. It cannot therefore be said that there was an implied assent to the charge, because the period for which

the rent charge is made had almost expired. when the notice was given.

The judgment appealed from is .affirmed, with all costs.