## BYRNE v. RIDDELL et al.

Where in an action against co-trespassers the action is tried as to one of them separately, any objection thereto must be raised by the co-defendant before going to trial on his own case, or it will be too late.

Where a person employs others to commit a wrong, the party aggrieved is not required to make the persons so employed co-defendants in an action for damages against the principal. To construe art. 2304 of the Civil Code as requiring this, would be inequitable. Nor is the plaintiff in an action against a principal trespasser and others employed by him, debarred of the right to obtain, from a jury, a higher verdict against the principal than against those whom he instigated.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Collens*, for the plaintiff. *Bartlett* and *Grymes*. for appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that *Riddell*, aided and abetted by *Banks* and *Dunn*, forcibly ejected her from the premises she had leased from *Riddell*, and that *Banks* and *Dunn*, under the direction and with the immediate participation of *Riddell*, struck her and her child, detained her clothing, and committed sundry acts of violence upon her person and property.

A judgment by default was taken against *Banks*, and, upon submission of the case, as to him, to a jury, they gave a verdict against him for $362 50.

*Riddell* first pleaded an exception that, he was not bound to answer until *Dunn*, the co-trespasser, who, as he alleged, was jointly bound, should be cited. This exception the court overruled, "saving to the party excepting all his legal rights." *Riddell* then filed an answer. In this answer he begins by a reservation of the benefit of matters theretofore pleaded, and then pleads a general denial, &c.

When the cause came to trial before a jury as to *Riddell* and *Dunn*, no objection appears to have been made that the cause had been already tried separately as to *Banks*. The jury found a verdict against *Riddell* " for $1000; from which amount is to be deducted the amount of judgment against *Banks ;*" and against *Dunn* for $500. From the judgments rendered in pursuance of this verdict *Riddell* has appealed.

Objection is made to these separate verdicts for separate sums, and to the inequality of the verdicts, the appellant relying upon article 2304, which declares co-trespassers jointly liable. A mere mistake of the translator brought the english text of our Code into conflict with the french text, and with a well settled principle of the civil law. " Lorsque plusieurs personnes ont commis ensemble un délit, elles sont solidairement responsables du dommage causé." Mackeldey, Droit Romain, p. 233. Merlin, Rep. Solidarité. In consequence of the act of 1844, the rule laid down in *Loussade* v. *Harmann* has ceased to be important, in cases *ex delicto* arising thereafter. We cannot but say, with great deference to the learned judge who delivered that opinion, that it seems to us to have been going very far, to apply to the case of wrongdoers the analogy of a technical and certainly inconvenient rule, established by special legislation with regard to joint contracts. But without entering into a discussion of the effect of article 2304 in ordinary cases, it is sufficient to say that, in the present case, we see no reason to disturb the judgment on this technical

ground. If there was an informality in bringing the cause to trial separately as to *Banks*, the defendant *Riddell* should have raised the objection upon going to trial upon his own case. Moreover, it is clearly shown by the evidence that *Dunn* and *Banks* acted as *Riddell's* agents, and it appears from the testimony of the judge of the criminal court, before whom was tried an indictment for the assault and battery committed upon the plaintiff, as well as from other testimony, that *Riddell* declared he assumed all the responsibility of what *Dunn* and *Banks* had done, and that they were authorized by him. It would, in our opinion, be a strained and inequitable construction of the article in question, to say that where a party employs others to commit a wrong, the person injured would be obliged to make the instruments of the wrong co-defendants, and should be debarred from obtaining, at the hands of a jury, a higher verdict against the originator of the mischief than against those whom he instigated to its commission.

It is said that the damages in this case are excessive. We are very far from approving the conduct of the plaintiff. She had violated her duty as a lessee; her conduct was unjust, and of a character well calculated to irritate the defendant. But, on the other hand, the forcible ejectment of the plaintiff by an armed man, acting without a lawful warrant; the detention of plaintiff's clothing; the actual violence committed on her person; the advanced age and sex of the injured party—all these were circumstances which were not only very likely to operate powerfully upon the minds of a jury, but which in law it was their province to consider in estimating the damages. Much discretion is given in such cases to the jury (Civil Code 1928, § 3); and an appellate court should not disturb their finding except where it is clearly excessive. There is a limited class of cases in which the law permits high damages, not for the gratification of revenge, but for the sake of example, and with a view to promote the peace and quiet of society.                    *Judgment affirmed.*