## L. JONES *v.* A. PEREIRA et als.

A lessor who instead of resorting to the process of law, uses intimidation or threats of police officers to expel the lessee, will be liable in an action for damages.

Where the damages allowed by a jury are excessive, they will be reduced in the Supreme Court.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Field* and *Wooldridge*, for plaintiff. *Duncan & McConnell*, for defendants and appellants.

COLE, J. This suit is instituted to recover ten thousand dollars for damages alleged to have been suffered by plaintiff in having been violently and forcibly expelled from a house she had leased, by *A. Pereira*, the lessor, aided by other persons.

The case was tried before a jury; they awarded two thousand dollars to plaintiff against said *Pereira*, · the case having only been tried as to him, and he has appealed from the judgment of the court thereon.

The evidence does not establish as clearly as could be desired, the nature and extent of the violence used by *Pereira*, the lessor, in ejecting plaintiff, inasmuch as those who were cognizant of the affair and competent witnesses, were actors in the drama, but as we perform the functions of a jury when we decide upon facts, we are obliged to conclude from the testimony, that the action of *Pereira* was illegal. 1 Rob. 140, *Thayer* v. *Littlejohn;* 3 An. 670, *Byrne* v. *Riddell et als.*

If he had wished to have banished *Mrs. Jones* from his premises, he ought to have done it by process of law and not by the intimidation or threats of police officers or others, but we think that the verdict is excessive under all the circumstances of this case, and that five hundred dollars are sufficient damages to accord. Vide *Fitzgerald* v. *Boulat*, just decided.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury, and the judgment of the court thereon, be set aside and reversed, and that plaintiff obtain from the defendant, *A. Pereira*, five hundred dollars; and that appellant pay the costs of the lower court, and appellee pay the costs of this court.