## T. & C. FITZGERALD *v.* PIERRE BOULAT.

Where vindictive damages are allowed in the court below if they are extravagant they will be reduced in the Supreme Court to such an amount as is considered by them sufficient under all the circumstances of the case.

APPEAL from the Sixth District Court of New Orleans, *Cotton, J.*
*V. F. Cotton*, for plaintiff. *Collens & Wooldridge*, for defendants, both parties appellants.

COLE, J. This action is instituted by the plaintiffs against the defendant for five thousand dollars for damages, predicated upon the allegations in the petition:

1. That of slander and defamation of character of *Catherine Fitzgerald.*

2. That of assault and battery upon her person.

3. That of forcible entry into plaintiffs' dwelling house, illegally ejecting petitioners therefrom, and removing their property out of and away from the premises.

4. For malicious and illegal arrest and false imprisonment of *Catherine Fitzgerald.*

The evidence shows plaintiffs had possession as lessees, of the house of defendant, and on demanding and not receiving four dollars for the monthly rent, he proceeded to eject *Mrs. Fitzgerald* from the house and threw some of her furniture out of doors.

He also made an affidavit against *Mrs. Fitzgerald* for a breach of the peace: she was arrested and committed to jail, where she remained some three days, and at her trial she was discharged by Recorder Fabre, because, as he stated in evidence in this case, *Boulat* informed him that his only object in obtaining the arrest of *Mrs. Fitzgerald* was to get her out of his house.

The testimony of plaintiffs' witnesses as to the slander and defamation of character of *Catherine Fitzgerald* and as to the assault and battery upon her person is positive, but is contradicted somewhat by the witnesses of defendant.

The affidavit of defendant may have been made with the object stated to Mr. Fabre and yet it might have been true she had violated the peace as therein stated, and the witnesses of defendant sustain this view of the case.

This cause was tried before the District Judge, who awarded twenty-five hundred dollars damages.

It would appear from the testimony, that the difficulty between the parties was at one time settled, for plaintiffs were afterwards admitted into the house, and remained therein more than three months after the commission of the illegal acts complained of by them.

It appears to us, that twenty-five hundred dollars, the damages awarded in this case, are excessive, and the record shows they have been paid, for the suspensive appeal taken by defendant was ordered by the court, on trial of the rule to set it aside, to be considered as a devolutive appeal.

The damages allowed would pay the rent of the house over fifty-two years ; plaintiffs, however, ask in their petition for five thousand dollars, which would more than pay the rent of the house for one hundred and four years.

This court cannot recognize any such extravagant claims for vindictive damages, and will not be guided by the Quixotic estimation of damages by plaintiffs who may seek to take advantage of a sudden ebullition of passion, where no great injury is inflicted, in order to enrich themselves at the expense of the offending party.

The sole charge that appears satisfactorily established is the entry into plaintiffs' dwelling house, removing some articles of furniture, nailing up the doors and thus excluding plaintiffs from the house, who were, however, afterwards permitted to again take possession of the house. It appears also, that *Mrs. Fitzgerald*, one of the plaintiffs, abused defendant and provoked him to act as he did.

We think that two hundred and fifty dollars ($250 00) are sufficient damages to allow plaintiffs, when all the circumstances of this case are considered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that plaintiffs recover of defendant two hundred and fifty dollars ($250 00) and costs of the lower court, and that the costs of appeal be paid by plaintiffs.