The opinion of the court was delivered by
Watkins, J.
This is an action in damages for personal injury, false imprisonment and malicious prosecution, and the petition demands of the defendants in solido the sum of $15,000.00 in compensation of and punishment for same.
The answer is a general denial, and on the trial, there was a judgment in defendant’s favor rejecting the plaintiff’s demands and the latter has appealed — the cause having been tried and decided by the judge.
The following is a brief synopsis of the claim of the plaintiff, viz:
That some time prior to the 16th of February, 1898, he rented from the defendant, Patrick McGlin, a house known and numbered 343 Magnolia street, and occupied the same as his domicile and place of residence.
That on or about the aforesaid date, the two defendants came to his dwelling and with force and arms, with the use of violence, against his will and consent, and positive prohibition, entered same. That after having thus forcibly entered his dwelling, they abused and mistreated him, using violent language; and that while thus in his domicile, he was put to the necessity .of arming himself with a pistol, in order to *1515 protect himself from actual assault by the defendants, to cause them to desist therefrom and leave his premises.
That about ten days after this occurrence, the defendants went before the First Recorder and lodged an affidavit against him, charging him with an assault with a dangerous weapon, and caused a warrant to issue thereunder for his arrest; and he was subsequently arrested upon said charge and incarcerated in the parish prison, and therein kept confined for the period of four days. That at the expiration of that time, an examination was held before the recorder, and, after a full and fair investigation of the grave accusation that was preferred, he was found not guilty and discharged.
The plaintiff avers thát this charge against him was given great publicity, and resulted in mention being made thereof in the daily newspapers of the city, to his great damage and injury.
lie charges that these acts were wanton, malicious and without probable cause, and done with the express purpose of injuring him.
The record discloses that the defendant, MeGlin, had, on the 24th of January, 1898, given to the plaintiff fifteen days notice to vacate the leased premises, and deliver possession of same;'and the occurrences related with regard to the defendants’ unlawful entry into plaintiff’s house took place after that limit had expired.
It appears that the plaintiff had not completely effected his removal from the dwelling at that time, but was engaged in the removal of his furniture and effects, when the defendants made their appearance and proposed to enter the house. The plaintiff being present, objected to their entry, and the defendants being persistent, foiced their way into the house; and the plaintiff retreated until he came within reach of his pistol, and grasped it and brought them to a halt. In this situation of affairs, the parties begun a somew'hat dispassionate discussion of the matter, and the plaintiff consented to an examination being made of the house by the defendants — same being assigned by them as the object of their visit, the defendant, MeGlin, expressing a desire to ascertain the condition in which the plaintiff had left his house, and claiming to have thought that the plaintiff had vacated it at the time.
But when the defendants arrived, they certainly discovered that the plaintiff still occupied the premises; and having resorted to legal proceedings to have the leased premises vacated, the landlord was without right to make a forcible entry therein.
*1516 But, while this is true, we do not believe that the evidence, altogether, justified the plaintiff in drawing his pistol and striking an attitude of intending an assault, notwithstanding the circumstances were very aggravating, indeed.
The record of the trial before the recorder satisfies us, as it did the judge of that court, that the charge made by the landlord, McGlin, against the plaintiff, was altogether groundless, and unsupported by any serious proof. It seems that the matter was never brought to the attention of the grand jury, and that no information was filed against Parker.
This affair seems to have attracted general attention, and caused plaintiff to be very conspicuous and unpleasantly mentioned in several of the city newspapers.
It is a matter of serious consequence for a man to have his domicile invaded by his landlord against his protest, especially in view of his ejectment proceedings; and it-is much more serious that he should be unwarrantably arrested and incarcerated in jail, and therein detained for a period of four days, upon a wholly groundless charge.
This proceeding partakes of the character of both a malicious prosecution and false imprisonment, and, in our opinion, it justifies the allowance of damages, both punitory and compensatory.
But we think they should be restricted to the defendant, McGlin, as it appears that O’Keefe did not actively participate in the arrest and imprisonment of the plaintiff, and that he was an on-looker at the tifcne McGlin entered t)he leased premises, and merely an accidental companion of his.
The judgment appealed from must be reversed.
It is, therefore, ordered and decreéd that the judgment appealed from be annulled and reversed in part; and it is further ordered and decreed that the plaintiff do have and recover of the defendant, Patrick McGlin, the sum of two hundred and fifty dollars, and all costs of both courts. In respect to the defendant and appellee, P. J. O’Keefe, the judgment appealed from is affirmed.
Rehearing refused.