### No. 9789.
### Orleans Appeal.

---

**JOHN CORLISS, Appellant, v. MR. AND MRS. JOSEPH SILVA.**

(December 15, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Landlord's Tenant, Par. 122, 102, 70.**

A landlord has no right to obtain possession of leased premises by ejecting the tenants without resorting to the means provided by law.

2. **Louisiana Digest, Damages, Par. 53.**

A plaintiff cannot recover his attorney's fees.

Exemplary damages cannot be allowed. (Civil Code, Art. 2315—Editor's Note.)

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is a damage suit for illegal ejectment from rented premises and for loss of wearing apparel. There was judgment for defendants and plaintiff has appealed.

Judgment reversed.

Arthur Landry, attorney for plaintiff and appellant.

Alfred J. Bonomo, attorney for defendant and appellee.

CLAIBORNE, J. This is a damage suit for illegal ejectment from rented premises and for loss of wearing apparel.

The plaintiff alleges that he leased two rooms and a kitchen at No. 1112 Frenchmen Street from the defendants for $8 a month and resided there with his wife and family for more than a year prior to March 4, 1922; that on February 11, 1922, his wife was taken sick and went to the Charity Hospital; that on March 4, 1922, he went to his rooms and found same locked and could not get access to them; that he was informed by the defendant, Joseph Silva, that he had locked said rooms and that he could not get into them and ordered him out of the yard; that he was the owner of two beds, a sewing machine, one armoir, one washstand, four chairs, and a rocking chair, and clothes for himself, his wife and daughter, all contained in said rooms; that defendants trespassed in said rooms and bundled up his bedding and clothes and those of his wife and daughter; that he called at the residence of the defendants and made demand for the return of his property which was refused; that he then filed suit with sequestration against Joseph Silva for the recovery of said property and obtained judgment in his favor; that the illegal acts of the defendants have caused him damage in the following amounts:

| | |
|---|---:|
| Attorney's fees for recovering his property | $ 50.00 |
| For loss of the clothes of his wife and daughter | 46.00 |
| For his own clothes | 47.00 |
| For physical and mental suffering | 500.00 |
| For exemplary damages | 200.00 |
| Total | $843.00 |

that in order to give the City Court jurisdiction and to obtain a speedy trial he reduces his claims to $300.

The defendant admitted that the plaintiff had leased the premises 1112 Frenchmen as stated by him, but denied that he had lived there more than one year, and denied all the other allegations of the petition; they specially denied that they had locked

plaintiff's doors or that they had entered plaintiff's premises, except to render some charitable service to the plaintiff wife and to bring food to her.

There was judgment for defendants and plaintiff has appealed.

The testimony leaves no doubt that the plaintiff was the tenant of the defendants and that they closed the doors upon him and prevented him from having access to the premises leased by him or to his furniture and clothing contained on said premises, and that he had to resort to legal proceedings to sequester and recover the property.

The defendant husband testifies that he was not at home and that no demand was ever made to him. His wife testifies that she never refused to allow the plaintiff to enter his premises. But the plaintiff swears that she did. He is corroborated in that statement by the testimony of a police officer who was called in by the plaintiff. They called together at the premises 1112 Frenchmen Street, and the officer asked the defendant wife "why they wouldn't let him in his house or give him his furniture and clothes" and she said: "I have to see my husband." Plaintiff then filed suit with sequestration to obtain possession of his property. The constable testifies that he called at the premises on March 7th, and that Mrs. Silva refused to unlock the door to let him in; he then returned to Court, made an affidavit to that effect, and obtained from the Court an order authorizing him "to force the doors, locks or fastenings of premises No. 1112 Frenchmen Street", and that he executed the writ on March 8th. He also swears to the facts as a witness. It is also of record that the defendants filed no answer to the suit, and that a judgment by default was rendered against them on March 20th. The plaintiff was by defendants' fault put to the expense of prosecuting the suit to final judgment instead of immediately confess-

ing judgment, and kept plaintiff out of his property until his judgment became final, a period of over fifteen days; also ejected him from the leased premises without process of law.

Defendants say that in February they had notified the plaintiff to vacate for failure to pay rent. That did not justify the subsequent actions. Ever since the case of Thayer vs. Littlejohn, 1 Rob. 140, in the year 1842, the jurisprudence has been constant that a landlord has no right to move the property of his tenant and to obtain possession of leased premises by ejecting the tenants without resorting to the means provided by law. This decision has been affirmed repeatedly. Jones vs. Pereira, 13 La. Ann. 102; T. & C. Fitzgerald vs. Pierre Boulat, 13 La. Ann. 116; Byrne vs. Riddell, 3 La. Ann. 670; Edwards vs. Ricks, 30 La. Ann. 926; Wm. Van Wren vs. Hugh Flynn, 34 La. Ann. 1158; Boniel vs. Block, 44 La. Ann. 514, 10 So. 869; Parker vs. McGlin, 52 La. Ann. 1514, 27 So. 946; 10 Ct. App. 272-273; 13 Ct. App. 235.

We will allow One Hundred and Fifty Dollars for physical and mental sufferings of the plaintiff.

Attorney's fees in the sequestration suit cannot be allowed. Tessier Digest, p. 25 Ct. App. 9494.

Plaintiff is the only witness to prove loss of clothes. His testimony is not sufficient to overcome the denial of defendants.

Exemplary damages have no longer any place in our jurisprudence. Tessier Digest, p. 61.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that the defendants, Mr. and Mrs. Joseph Silva, be condemned in solido to pay to the plaintiffs the sum of One Hundred and Fifty Dollars with five per cent per annum interest from June 24, 1922, till paid, and all costs of suit.