PERRES v. MUNSCH  AND  ARNOUDIN

(April 11, 1927.  Opinion and Decree.)

(*Syllabus by the Court*)

1.  **Louisiana  Digest—Sheriffs  and  Constables—Par. 35, 36.—Offenses  and  Quasi-Offenses—Par. 10.**
Where constable and his deputy in an ejection proceeding under Act 49 of 1918, without obtaining a warrant and without waiting twenty-four hours, proceed to place plaintiff's furniture and clothes in the street, tney are both liable as joint tort feasors for the illegal act.

Appeal from the Twenty-fourth Judicial District Court, Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Mrs. Augustin Perres, widow of Lucien Agulard, against David P. Munsch and Andre Arnoudin.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

A. H. Thalheim, of New Orleans, attorney for plaintiff, appellant.

C. A. Buchler, of New Orleans, for David P. Munsch; J. K. Gaudet, of New Orleans, for Andre, attorneys for defendants, appellees.

JONES, J.   This suit was brought by plaintiff in forma pauperis to recover damages against the two defendants, Munsch and Arnoudin, jointly and solidarily, in the sum of two thousand ($2000.00) dollars.

Petitioner alleges that "on the 18th day of September, 1924, between the hours of 10 o'clock A. M. and 3 o'clock P. M., the said D. P. Munsch, plaintiff in ejection suit, in the justice of the peace court, accompanied by Andre Arnoudin, the constable of the second justice of the peace court, entered into the leased premises of plaintiff, and, without warrant of law and against the protest of plaintiff, carried all of the furniture, clothing, household goods, cooking utensils, etc., belonging to plaintiff and to her daughter, the wife of Pierre Pertuit, who, with her husband, Pierre Pertuit, lived with plaintiff in said premises, threw same into the public street and compelled plaintiff and her daughter, Loda, wife of Pierre Pertuit, then in a noticeable pregnant state, to get out of said premises; that all of the contents of the house were destroyed by being thrown upon the open street; where they remained, and that they were valued at eight hundred twenty and 65-100 ($820.65) dollars; that she further suffered damages for her pain, suffering, humiliation, shock, medicine and physician in the sum of one thousand, one hundred seventy-nine and 35-100 ($1179.35) dollars.

Defendant, Arnoudin, answers by alleging that on September 2, 1924, he served notice to vacate on plaintiff.

That she paid no attention to notice; that on September 15, 1924, he served a rule to show cause why she should not be ejected, wherein she was ordered to show cause on September 18, 1924, at 10

A. M., why she should not remove from the premises or be forcibly ejected.

That the said rule as tried on the said date and judgment rendered thereon by the second justice of the peace commanding Arnoudin, as constable of said court, to forcibly eject plaintiff in the event she refused to comply with the terms of said judgment; that she persisted in her refusal to relinquish possession of the premises, and she was ejected in accordance with terms of judgment.

Defendant Munch first filed an exception of no cause of action and then answered, admitting the ejection of plaintiff, but denying illegality thereof and specially averring that he had been sworn in as a deputy constable to aid in removing the furniture and that plaintiff, who had been offered a place for the storage of her furniture, deliberately allowed it to remain in the street. Both defendants denied all indebtedness.

There was judgment for defendant and plaintiff has appealed.

The sole question before this court is the legality of the ejection and the amount of damages.

The evidence shows that the premises occupied by the plaintiff were originally owned by William Dufriend and were sold to the defendant, David P. Munsch, some time in the latter part of July, 1924; that plaintiff had not paid the rent at the rate of five dollars per month, and on September 2, 1924, she was served with a notice by the constable to vacate the premises within ten days; that she failed to vacate the premises in accordance with the said notice, and on September 15, 1924, she was served in person with a rule to show cause why she should not be ejected from the premises occupied by her, which rule was made returnable on September 18, 1924; that a judgment was rendered by the justice of the peace ordering the plaintiff to vacate the premises occupied by her.

Although the record contains this judgment, signed by the justice of the peace and dated September 18th, it also contains a bill of exception to the ruling of the trial judge in refusing to admit in evidence a document signed by the same official and dated the same day. This document certifies that neither party had appeared in the court at the appointed hour and that the rule had been continued indefinitely to be fixed on motion.

The constable, upon arriving at the home of plaintiff, about eleven-thirty A. M., on September 18th, proceeded to appoint Munsch as a deputy constable to assist him in executing the order of court, and swore him for that purpose.

Munsch swears he offered plaintiff the opportunity of storing his furniture and a truck to haul it, but she refused to accept this offer and told the constable to do what he wanted with the furniture.

The evidence further shows that at the time the furniture was being removed from the house the plaintiff asked her neighbor, William Dufriend, to take care of some pictures that were in the house, which he readily agreed to do, and at the same time he offered the plaintiff the privilege to place her furniture in his garage, which was about seventy-five (75)

feet away, but that she refused to accept this offer.

Mrs. William Flux, a witness for the defendant, testified that she, two days after the ejection, offered plaintiff a place to store a part of her furniture and that the plaintiff absolutely refused to accept her offer.

The son-in-law testified that the item listed as "family clothes, $315.00," included the clothes of himself and that of his wife, which is valued at $150.00, and also that the shotgun, valued at $22.50, and the cash, $2.00, were likewise his property. He further testified that the item listed as kitchenware, $100.00, in fact, included the items of aluminum ware, pots, cups and dishes that were separately itemized.

There was no evidence submitted on the allegations that the plaintiff had suffered any injury due to shock and for medicine and physician.

As a matter of fact, the plaintiff herself testified that she did not have a physician to treat her until two weeks after the furniture had been removed, and the certificate of Dr. Gelbke, filed in the record, shows that she was treated for grippe and functional heart trouble, which latter illness the plaintiff testified she was suffering with long before the incident complained of in this case.

Plaintiff denies that she ever heard any offers of storage and avers that she can neither read nor write, and that she was told that the law had charge and she, therefore, did not disturb anything.

Pretermitting the question as to admissibility in evidence of the certificate of the justice of the peace, the record shows nowhere any writ or warrant as legal justification for the act of the constable and his deputy, Munsch, in this proceeding to execute the judgment twenty-four hours earlier than the law provides. In his argument, but not in his brief, the constable's attorney seeks to justify the absence of this essential document by asserting that the justice of the peace was not required to keep any written records of his actions and that the constable was therefore justified in acting on his oral instructions.

But Act 49 of 1918, under which the ejectment proceeding was brought, provides in part as follows:

"If a tenant does not comply with the judgment within twenty-four hours after the rendition of said judgment, it shall be the duty of said justice or judge, who rendered the judgment, to issue forthwith his warrant directed to the constable, marshal or sheriff of his court, commanding him forthwith to deliver to the lessor full possession of the leased premises."

In Doullut vs. Rush, 142 La. 452, 77 South. 110, Chief Justice Monroe, the organ of the Supreme Court, says, in holding that the ordinary appeal bond was insufficient under the statute, that the above quoted act provides a special *remedy for a special case and must be strictly followed.*

In the old case of Thayer vs. Littlejohn, 1st Rob. 140, it was well said by our Supreme Court:

"Where a landlord, instead of resorting to the means provided by law for obtaining possession of his premises, takes upon himself, without authority, to re-

move the property of his tenant he will be liable in damages."

This wise and salutary doctrine has been repeatedly and consistently upheld by this court and the Supreme Court, in the following cases:

See Washington vs. Singer Sewing Machine Co., 16 C. of A. 270;

Greenlee vs. Singer Sewing Machine Co., 10 C. of A. 271;

Lalonier vs. Werlein Co., XIII C. of A. 236, 2 C. of A. 269;

Edwards vs. Ricks, 30 La. Ann. 926;

Boniel vs. Black, 44 La. Ann. 514, 10 South. 869;

Parker vs. McGlin, 52 La. Ann. 1514, 27 South. 946;

Van Wien vs. Flynn, 34 La. Ann. 1158;

Jones vs. Pereira, 13 La. Ann. 102.

The act of the constable and his deputy being clearly illegal, the plaintiff is entitled to a solidary judgment against both defendants for damages.

As the value of the furniture and clothing removed from the premises is not clearly proved and as there was no proof that plaintiff had suffered any injury from shock and as the record shows that plaintiff did not minimize her damages, we think a judgment against both defendants in solido for three hundred ($300.00) dollars will do substantial justice.

For above reasons it is now ordered, adjudged and decreed that the judgment of the trial court be reversed and that there be judgment in favor of Mrs. Augustine Perrez, widow of Lucien Agulard and against defendants, D. P. Munsch and Andrew Arnoudin, jointly and in solido, in the sum of three hundred ($300.00) dollars, with legal interest from judicial demand and costs of both courts.