ROGERS v. WOOD

(January 30, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant —Par. 67.**
A lessor who takes possession of leased premises and removes therefrom the property of the lessee without his consent and without legal process is liable in damages to the lessee.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Harry Rogers against Robert M. Wood.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Terriberry, Rice & Young and A. R. Martinez, of New Orleans, attorneys for plaintiff, appellee.

Ernest J. Robin, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a damage suit by a lessee against his lessor for taking illegal possession of the leased premises.

The plaintiff alleged that by an act under private signature dated July 1st, 1923, the defendant, Robert M. Wood, leased to him an apartment in the house, No. 1216 N. Lopez street, for the three months, July, August and September, for the price of $60 per month, payable on the first day of each month.

The plaintiff further alleged that at the expiration of said lease he renewed the lease with defendant for two months, October and November, 1923, verbally; that during the term of said lease he and his wife went to California where they remained a number of days; that upon their return to the city he found that defendant had leased his apartment to another person, and had removed the clothes of plaintiff and of his wife with other articles belonging to him and thrown them on the floor of another apartment and caused them much damage; and plaintiff was put to the expense of moving to a hotel and there paying for rooms; that all said damage amounted to $338.67, according to itemized account annexed to the petition; that plaintiff has also suffered humiliation and inconvenience to the extent of $1000. He prayed for judgment for $1338.67.

The defendant admitted the first lease for the three months of July, August and September; but denied all the other allegations. He alleged that at the termination of said lease he renewed the lease with the defendant verbally for one month, ending October 31st, payable in advance like the anterior months; "with the strict understanding, at the time, that said verbal lease was entered into that should the defendant need his apartment at the expiration of the month of October, that he would take possession of same without any further notice, to which plaintiff readily acquiesced;" that the plaintiff had refused to renew the lease for one year, stating that his company had transferred him to Chicago, and that he expected to leave for that city at any time, and if needed that defendant could have his apartment whenever he needed it after a few hours' notice, and time to pack up his personal belongings; that from October 5th to about November 8th, 1923, plaintiff did not occupy the apartment nor communicate with

the defendant; that when November 5th came around and plaintiff gave no intention of continuing the lease, nor paid rent for November, defendant believed that plaintiff would not return, and opened said apartment to be aired, and cleaned and carefully packed and removed plaintiff's clothes to a lower apartment; that on November 6th he leased the apartment to another person.

Assuming the character of plaintiff in reconvention the defendant alleged that his apartment is equipped with all the modern conveniences of a hotel; that the plaintiff damaged the following furniture therein: the breakfast table, the ironing board, the lavatory, the rug, broke cups and dishes, that he paid the light bills of plaintiff amounting to $10, and that plaintiff owes him $10 for the rent of the premises from November 1st to 5th. Defendant also claims of plaintiff $1000 for defamatory language addressed to him by plaintiff on his return to the city.

On motion, the reconventional demand for $1000 was stricken out.

The case was tried by a jury who rendered a verdict in favor of plaintiff for $250, dismissing the reconventional demand.

The court refused a new trial.

The defendant has appealed and plaintiff has asked for an increase of the judgment.

The case turns upon the question of fact, whether the first lease ending October 1st was renewed for one month, October, only as contended by defendant, or for two months, October and November, as alleged by plaintiff; for it is evident that if the lease had been renewed for two months ending on November 30th, that the defendant had no right to take possession of the apartment on November 5th. Therefore the burden is on defendant to overcome the presumption that the verdict and judgment are both erroneous.

Of course the plaintiff swears that he rented the apartment for the months of October and November verbally with Mr. Wood in presence of Mrs. Rogers; that he absented himself on October 5th, but that it was distinctly understood that he was to return; he retained the keys; when he returned to the apartment he found it occupied by another party who refused to surrender it; so he went to the Bienville Hotel; on his arrival at the apartment he received a letter from the defendant dated November 8th; when he left the apartment on October 5th he locked the door and carried the key away with him.

Mrs. Rogers, plaintiff's wife, testified that she was present when the defendant asked her husband to take a lease for twelve months; that her husband refused when "it was agreed at that time that we (they) would stay for two months, October and November."

Mr. Wood, the defendant, testified that arrangements for the renewal of the lease beyond September 30th, 1923, were made in the presence of his wife and niece, and that Mrs. Rogers was not present; he renewed the lease for the month of October only; "it was for one month and paid, and we agreed if he stayed a few days in November it would be all right, provided we could get the apartment when we wanted it," and he agreed that we could have the premises in November at any time on giving him a day or so notice to vacate as the premises would be $125 a month, which he was not willing to pay; "he was to pay for as many days as he remained in November on the basis of $60 a month".

Miss Wibker, niece of defendant, was present when the lease was renewed for some time after October 1st; she testified that Mr. Rogers came into the room with the 12-month lease and the notes and said to Mr. Wood: "As I am not going to stay here next year I am returning the lease. If you will let me stay for the month of October, or as far into the next as I need, I will appreciate it"; and Mr. Wood said: "All right, I will be glad to let you stay until the time I can release the house to someone else".

Mrs. Wood, defendant's wife, said:

"My husband told him (Mr. Rogers) that we would need the apartment during the racing, and it would be a help to him as well as to us if he did remain until other tenants were secured for the racing season, and that he could stay until her husband needed the place, provided we could get the place as soon as we needed it," and he said: "All right."

We are dispensed from weighing the testimony in this case, which seems so contradictory, by the following letter dated November 8th, 1923, addressed by the defendant, Wood, to the plaintiff, Rogers. It reads in part as follows:

"Mr. H. A. Rogers,
"1216 North Lopez Street,
"New Orleans, La.

"Dear Mr. Rogers:

"For fear that you might arrive back in town while I was away with the family, I thought I would drop you .this little note of explanation on our renting your apartment. We had the opportunity of renting on 1st to Mr. Wilson at $125 and thought it would be better than keeping open until you returned, not knowing when that would be, and too that it would save you some money, knowing also that you would leave on December 1st."

This letter shows that defendant expected that the plaintiff would come back.

It could not save Rogers any money, unless he was obligated to pay the rent for the month of November and unless the rent due by him would be paid by the tenant who succeeded him. How could Wood know that Rogers "would leave on December 1st" unless he had leased the apartment up to that date?

This letter, together with the verdict and the judgment, turn the scales in favor of the plaintiff. The judgment is correct and we find no reason to increase the amount allowed. It is in line with previous decisions—Byrne vs. Riddell, 3 La. Ann. 670; Fitzgerald vs. Boulat, 13 La. Ann. 116; Edwards vs. Ricks, 30 La. Ann. 926; Perres vs. Munsch and Arnoudin, 6 La. App. 770; and cases there quoted.