## HOLMES v. DI LEO.
### No. 16999.

Court of Appeal of Louisiana. Orleans.
Nov. 14, 1938.

Guy J. D'Antonio, of New Orleans, for appellant.

J. Rosenberg and C. F. Dumaine, both of New Orleans, for appellee.

JANVIER, Judge.

This is a suit by a tenant against a landlord to recover the sum of $300 for damages alleged to have been sustained as a result of the fact that the landlord, without authority of law, placed a padlock on the room leased to the tenant, which prevented the use thereof for a period of approximately 25 days. The defendant admitted that the room had been leased to plaintiff and averred that plaintiff had not been paid the rent which was due, but he denied that he had placed the padlock on the door of the premises and maintained that, if any padlock had been placed on the said door, it was placed there by the tenant himself, or by someone else on his behalf in order that it might form the basis of a claim for damages.

In the court below there was judgment in favor of plaintiff for $250 and defendant has appealed.

There is no question of law involved, for the defendant concedes that, in spite of the fact that there was rent due, he would not have been justified in taking the law into his own hands and in excluding the tenant from the premises leased to him. See Act No. 55 of 1926. Therefore, the sole questions are whether or not the room was padlocked and, if so, by whom.

Plaintiff testified that when he returned to the said room one day he found the padlock on the door and could not enter and he produced a witness who testified that he had seen the defendant place the padlock on the door. Another person—with this witness at the time—was not produced, though he was very well known to the plaintiff, and this is pointed to by defendant as a suspicious circumstance.

Defendant also points to the fact that the plaintiff, after he discovered the padlock on the door—if there was a padlock there—did not come to him to make complaint concerning it. Plaintiff states that he did call on defendant on two occasions and was unable to locate him. Plaintiff's sister states that when she noticed the padlock on her brother's door she called on the defendant, who admitted to her that he had placed the said padlock on the door of her brother's room.

Plaintiff maintains that during the whole period during which he could not enter his room he was greatly inconvenienced and was required to sit up in a chair on many nights, having no place to sleep.

All in all, we think the circumstances most suspicious and we doubt whether an ejected tenant would have remained quiescent under the circumstances. It seems certain that he would have vehemently protested to his landlord and would have continued his efforts to see him until the matter might be adjusted.

Nevertheless, we find it impossible to say that the finding of the court below is manifestly erroneous. It is shown that later the defendant did resort to legal process, but this is no justification for his having taken the law into his own hands on the first occasion, if he did so.

We find ourselves unable to believe that plaintiff sustained the large damage to which he testifies and we are of opinion that

the amount awarded below was substantially greater than was warranted by the circumstances. All in all, we feel that an award of $75 should be ample.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the reduction thereof to $75 and that, as thus amended, it be and it is affirmed.

Plaintiff to pay costs of appeal; all other costs to be paid by defendant.

Amended and affirmed.