## REED v. WALTHERS.

### No. 17194.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

Clem H. Sehrt, Harry T. Wilkins, and Edw. J. Boyle, all of New Orleans, for appellant.

Frank S. Normann and Harold M. Rouchell, both of New Orleans, for appellee.

JANVIER, Judge.

This matter comes before us on appeal by plaintiff from a judgment dismissing his suit on exception of no cause of action.

Mack Reed, plaintiff, alleges that in April, 1938, he leased the premises No. 213 North Genois Street from defendant, J.

E. Walthers, at a monthly rental of $18, and that he paid the said stipulated amount regularly until that for the Month of December, 1938, became due; that he was unable to pay that amount and that on January 2, 1939, he began to remove his furniture and effects from the leased premises. He avers that he could not complete the removal on that day, but "intended to remove the remainder of his property in the next few days * * *". He charges that on January 4th defendant "entered the * * * premises and padlocked the same so that your petitioner could not enter therein to secure his belongings" and that thereafter defendant "moved this property to his own storehouse" and has refused to deliver it to plaintiff "unless he is paid the $18.00 rent due to him by petitioner".

Plaintiff maintains that these acts on the part of defendant amounted to an unlawful ejectment and, relying upon many authorities to the effect that a lessor who, without resorting to legal process, ejects a tenant by force, is liable in damages, claims of defendant the sum of $1,373.

■ The defendant, on consideration of the exception, concedes, of course, the truth of the allegations made by plaintiff, but contends that the acts which he is charged with having committed are authorized by law and cannot be used as the basis of a suit for damages.

A reading of the petition shows that defendant did nothing whatever to cause the plaintiff to vacate the leased premises. On the contrary, it appears from plaintiff's allegations that when he, plaintiff, was in arrears, he voluntarily and on his own initiative "began to move from the premises" and that it was only when he had moved most of the contents of the leased premises that the defendant took steps to protect the right given to him by Art. 2705 of the Civil Code, under which the lessor has, "for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased."

■ It is very evident that the right afforded to the lessor under this article is not to be limited to a mere claim to priority in the distribution of the proceeds of the sale of such articles, for Article 3218 of the Civil Code, after first declaring that this right "is of a higher nature than mere privilege", provides that "the lessor * * * may take the effects themselves and retain them until he is paid."

In Burn Planting Company v. Goldman Landing Company, 163 La. 720, 112 So. 662, 664, this right to take and retain such articles was expressly recognized. There the court said that Article 3218 "gives the lessor the right to retain the property in pledge until the rent is paid".

■■ In fact, not only does the Code give to the lessor the right to retain such property of the lessee, but it is settled that, if the lessor, knowing of the removal of such property from the leased premises, takes no steps to assert the right of retention and thus impliedly consents to the removal, he loses the right given him by the Code, for, in Boylston v. Jones, La.App., 153 So. 53, 55, the court said:

"So, when a lessor consents to the removal of property subject to his lessor's lien, thus abandoning and relinquishing the right of pledge and detention, the whole lien is lost."

On behalf of plaintiff, counsel has cited several cases, such as Thayer v. Wm. Littlejohn & Others, 1 Rob. 140, Boniel v. Block, 44 La.Ann. 514, 10 So. 869, Perres v. Munsch & Arnoudin, 6 La.App. 770, and Holmes v. Di Leo, La.App., 184 So. 356. But all of these cases involve not the retention of effects found in leased premises, but forcible ejectment of the tenant. Where, for instance, a lessor padlocks the premises and thus prevents their use by the lessee, there results, in effect, an ejectment by force.

■ Here there was no such ejectment; there was no act on the part of defendant which deprived the lessee of the use of the premises for the purpose for which they had been leased. It was plaintiff who, on his own initiative and without any act of defendant, decided to abandon the premises. Note his own allegation:

"That on or about January 2nd your petitioner began to move from the premises above mentioned, but did not remove all of his property from the house in one day but intended to remove the remainder of his property in the next few days to his new location."

If defendant had not then acted, since he had knowledge of the intended removal, it is possible that he would have lost the right accorded to him by the Civil Code. Surely, he cannot be now mulcted in damages because he did what the Code gives

him the right to do, particularly since, had he not so acted, he might have lost his right.

■ Nor can the fact that defendant later removed the articles which he found in the leased premises and stored them in his own warehouse be made the basis of a claim for damages. He is given the right to retain the articles until the rent is paid and it would be absurd to say that he must retain them in the original location, because this would require that the premises leased be, to this extent, taken out of commerce. The loss caused to the lessor would be thus increased and, in addition to the rent which he might find it impossible to collect, he 'would lose the rental value of the property so long as it might be necessary for him to retain the articles in the leased premises. Surely, therefore, the lessor was within his rights in removing such articles to a storehouse.

The exception of no cause of action was properly maintained. Accordingly,

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.