GUIDRY, Judge.
In 1979, defendant, Steve Ledoux, entered into an oral agreement with plaintiff, Erman Richard, leasing, from month to month, Richard’s rent house located at 345 Pine Street in Opelousas, Louisiana, for $175.00 per month. Defendant periodically fell behind in the payment of his rent. By the end of July 1986, defendant was allegedly several months in arrears. On July 81, 1986, plaintiff posted a notice on the front door of the premises at 345 Pine Street demanding that defendant and his family vacate the premises for non-payment of the rent. Defendant complied with the notice to vacate and over a three day period he and his family moved into a new residence located at Route 7, Box 916 in Opelousas.
*291 On August 4, 1986, plaintiff filed this suit seeking judgment against defendant in the amount of $875.00, the alleged amount of unpaid rental due on the Pine Street premises. In his petition, plaintiff also asserted a lessor’s privilege on all of the movables that had been located on and/or in the Pine Street premises in order to secure his claim for the alleged unpaid rent, including any automobiles which had been garaged on the premises. On the same date, plaintiff obtained an order of sequestration. Pursuant to this order, on August 5,1986, the sheriff sequestered one 1979 Chevrolet Malibu automobile owned by defendant which was located at defendant’s new residence.
Defendant filed an answer to plaintiff’s petition, denying the allegations thereof, along with a rule nisi seeking dissolution of the sequestration order, damages and attorney’s fees. After a hearing on the rule, the trial court denied defendant’s motion to dissolve the' sequestration order by judgment dated October 6, 1986. In denying the defendant’s motion, the trial court determined that rental payments were in fact past due (the exact amount to be determined at a trial on the merits) and the automobile was properly seized off the leased premises, pursuant to the provisions of La.C.C. art. 2709.[1]
Defendant sought a new trial contending that the lessor’s notice to him to vacate the premises amounted to consent by the lessor that lessee’s movables be removed from the premises such that La.C.C. art. 2709 is inapplicable. The trial court denied defendant’s motion for a new trial by judgment dated December 22, 1986. Defendant appealed.[2]
The single issue for review is whether lessor’s notice to vacate, issued pursuant to La.C.C.P. art. 4701, constitutes consent by the lessor that lessee may remove his movable property from the premises, such that lessor loses his lessor’s privilege and the right to enforce such privilege after the removal of lessee’s property, pursuant to La.C.C. art. 2709.
La.C.C. art. 2705 provides as follows: “Art. 2705. The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased ...”
La.C.C. art. 2709 provides that the lessor may seize objects belonging to the lessee which are subject to his lessor’s privilege within fifteen days after they have been removed from the leased premises without the consent of the lessor.
It is well settled that “... if the lessor, knowing of the removal of such property from the leased premises, takes no steps to assert the right of retention [he] thus impliedly consents to the removal, [and] loses his right given him by the Code, ...”. Reed v. Walthers, 193 So. 253 (La. App.Orl.1940).
In our view, the consent envisioned by La.C.C. art. 2709 is actual consent or constructive consent, i.e., knowledge that the tenant is removing movables from the leased premises and the lessor takes no steps to prevent removal.
In this case, the record reflects that the lessor first observed the lessee removing items from the leased premises on August 4, 1986, four days after the notice to *292 vacate had been posted. On the same day, plaintiff obtained the order of sequestration. Consequently, it cannot be inferred that he consented by inaction to the removal of the lessee’s objects from the leased premises.
Further, we do not infer any consent on the part of the lessor to allow defendant to remove his movables from the leased premises because of the posting of a notice to vacate for non-payment of rent pursuant to La.C.C.P. art. 4701. To adopt appellant’s contention would be tantamount to effectively depriving a lessor of the right to the summary eviction procedure provided by La.C.C.P. art. 4701 et seq., in any case where the lessor also wished to exercise the rights granted him by La.C.C. arts. 2705 and 2709. In essence, the lessor, in such a situation, would be forced to choose between securing his claim for rental arrearages or summarily freeing the leased premises so that they could again be put in commerce. This is not the result which the redactors of our Code of Civil Procedure intended. To the contrary, the redactors intended that Title XI of Book 7 of the Code of Civil Procedure should supplement and augment the remedies allowed the lessor by other provisions of our law, not in conflict therewith, as is confirmed by La.C.C.P. art. 4705, which provides as follows:
“Nothing in this Title shall be construed to deprive any lessor of any remedy heretofore allowed him either for the payment of rent due to him or for the seizure of any furniture found on the leased premises; and nothing in this Title shall be construed to conflict with the provisions of Articles 3651 through 3664.”
For these reasons, the judgment appealed from is affirmed at appellant’s cost and this matter is remanded to the trial court for further proceedings.
AFFIRMED.

. La.C.C. art. 2709 states:
"Art. 2709. In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without file consent of the lessor, if they continue to be the property of the lessee, and can be identified ...”

. We recognize that the judgments appealed from are interlocutory judgments from which no appeal lies inasmuch as appellant has failed to allege or establish irreparable injury. La.C. C.P. art. 2083; The Big Four Crane Service, Inc. v. Owl Construction Co., Inc., 471 So.2d 992 (La.App. 1st Cir.1985), writs denied, 476 So.2d 350, 351 (La.1985). However, in order to expedite a decision in this matter and in the interest of judicial economy, we will consider this appeal as a writ application subject to our supervisory jurisdiction under La. Const. 1974 Art. 5 Sec. 10. See Guidroz v. State Farm Fire & Casualty Co., 334 So.2d 535 (La.App. 1st Cir.1976); Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied, 362 So.2d 800 (La.1978).